The STATE of Ohio, Appellee,

v.

SARGENT, Appellant.

[Cite as *State v. Sargent*, 169 Ohio App.3d 679, 2006-Ohio-6823.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050565.

Decided Dec. 22, 2006.

See also 159 Ohio App.3d 658, 825 N.E.2d 178.

680

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

H. Fred Hoefle, for appellant.

GORMAN, Presiding Judge.

{¶ 1} Following a jury trial, defendant-appellant, Eric Sargent, was convicted of aggravated robbery, with an accompanying firearm specification, robbery, having a weapon under a disability, and carrying a concealed weapon. The trial court sentenced him to 14 years' incarceration. Sargent now appeals. For the following reasons, we sustain Sargent's first and second assignments of error, in which he argues that (1) the prosecutor's closing argument was so prejudicial that it deprived Sargent of a fair trial and (2) the trial court violated his due-process rights by failing to appoint an expert witness. Sargent's convictions are hereby reversed, and this cause is remanded for further proceedings consistent with this decision and law.

## Facts

{¶ 2} Cab driver Timothy Orcutt was robbed at night by two passengers. Orcutt had stopped his cab and was waiting to be paid when his passengers, a man and a woman, demanded money. Orcutt believed that both had guns. After robbing Orcutt of over $700 dollars, the couple fled from the cab on foot.

{¶ 3} Orcutt radioed for help. The police responded quickly, obtained a description of the assailants from Orcutt, and canvassed the area with a police canine. The canine led police to an area where Sargent was seen walking alone down the street. No other person was in sight. When police attempted to stop him for questioning, he ran. After a brief chase, police apprehended Sargent, handcuffed him, and took him to a parking lot where Orcutt was waiting in a police cruiser. Sargent, surrounded by police officers, was ordered to stand in front of the cruiser's headlights. Orcutt identified Sargent as one of the robbers.

{¶ 4} During their canvassing of the area, police recovered a revolver. One fingerprint was lifted from the gun. The state stipulated that the fingerprint was not Sargent's. Sargent moved the court to compel the state to produce a fingerprint report or to issue a report after running the fingerprint through a police computerized database of fingerprints to see if the state could determine whose fingerprint it was. The state represented that no such reports existed. The trial court overruled Sargent's motion.

{¶ 5} Prior to trial, Sargent moved to suppress Orcutt's identification testimony, arguing that the circumstances of the one-on-one showup were overly suggestive and that therefore the identification was not reliable. The trial court overruled the motion, but the reliability of Orcutt's identification remained a pivotal issue at trial. Sargent therefore moved the court to appoint an expert to testify about the reliability of eyewitness identification. The trial court overruled the motion from the bench without further comment.

{¶ 6} After he was convicted, Sargent requested a new trial under Crim.R. 33, arguing, among other things, (1) that the court had abused its discretion by denying his request for an expert and by refusing to compel the state to provide a fingerprint report, (2) that the prosecuting attorney had committed misconduct during closing argument, and (3) that the conviction was not supported by sufficient evidence. The motion was overruled.

## Analysis

{¶ 7} In his first assignment of error, Sargent argues that the trial court should have granted his motion for a new trial on the basis of prosecutorial misconduct during closing argument. We sustain this assignment of error for the following reasons.

{¶ 8} The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights. *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293; *State v. Smith* (1984), 14 Ohio St.3d 13, 14–15, 14 OBR 317, 470 N.E.2d 883. The touchstone of the analysis "is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips* (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78.

{¶ 9} In this case, Sargent cites the following statements made by the assistant prosecuting attorney during closing argument as constituting reversible error: "They [the police] come across the defendant. He was by himself. I think it's a curious thing what kind of reactions different people have when confronted by different situations. How do they respond? Do they stand there and answer questions, or, in this case, do they take off running without any explanation? Why did he run? * * * Why did he react the way he reacted? *All the police officer wanted to do is say, hey, we have to talk. If he talked to him, who knows, he could have been cleared of this. He didn't avail himself.* He took off running. That was his choice." (Emphasis added.) On rebuttal, the prosecutor again commented on Sargent's pre-arrest silence, saying, "He flees from police without any questioning—without anything."

{¶ 10} Based on the Supreme Court's decision in *State v. Leach*, 102 Ohio St.3d 135, 2004-Ohio-2147, 807 N.E.2d 335, we hold that these remarks were both improper and prejudicial. In *Leach*, the court held that the use of a defendant's pre-arrest silence as evidence of guilt violates the Fifth Amendment privilege against self-incrimination. Id. at syllabus. And although the jury in this case was instructed that closing arguments were not evidence, given the nature of the comments and the sanctity of the right involved, we are convinced that this instruction did not cure the prejudice to Sargent.

{¶ 11} Sargent also cites the following statement as reversible error: "Defense counsel could have gotten up here, and through the course of this trial, given you an alternative version of what took place, considering his client is not guilty. He didn't do that. * * * There is no other version of events placed before you at that [sic] time." Sargent argues that this statement impermissibly suggested to the jury that he was required to prove his innocence. We agree. See, generally, *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. The first assignment of error is sustained.

{¶ 12} In his second assignment of error, Sargent argues that the trial court abused its discretion in failing to appoint an eyewitness-identification expert and that its failure to do so resulted in reversible error. We find merit to this argument.

{¶ 13} As a matter of due process, indigent defendants are entitled to receive the "raw materials" and the "basic tools of an adequate defense." *Ake v. Oklahoma* (1985), 470 U.S. 68, 77, 105 S.Ct. 1087, 84 L.Ed.2d 53, quoting *Britt v. North Carolina* (1971), 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400. In *State v. Mason* (1998), 82 Ohio St.3d 144, 150, 694 N.E.2d 932, the Ohio Supreme Court held that "due process * * * requires that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial." We hold that Sargent made such a showing in this case. The state's case was based primarily on one person's identification of Sargent as the robber, and that person was under the stress of having been accosted at gunpoint. Under such circumstances, eyewitness identification may be untrustworthy. See *United States v. Smith* (C.A.6, 1984), 736 F.2d 1103. And the state produced no fingerprint or other physical evidence tying Sargent to the crime. In other words, the reliability of Orcutt's identification was a pivotal issue at trial. Consequently, we hold that the trial court abused its discretion in denying Sargent's motion for the appointment of an eyewitness-identification expert. The second assignment of error is sustained.

{¶ 14} In his third assignment of error, Sargent contends that the trial court should have granted his motion to suppress Orcutt's identification testimony. We disagree.

{¶ 15} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8. We must accept the trial court's findings of fact if they are supported by competent and credible evidence. *State v. Fanning* (1982), 1 Ohio

St.3d 19, 20, 1 OBR 57, 437 N.E.2d 583. With respect to the trial court's conclusions of law, however, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard. *Burnside* at ¶ 8.

{¶ 16} Sargent argues that the one-on-one showup employed by police to identify him was unduly suggestive. In evaluating whether an identification procedure was impermissibly suggestive, a court must look to the totality of the circumstances, including (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Neil v. Biggers* (1972), 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401.

{¶ 17} At Sargent's suppression hearing, the state established that Orcutt had clearly viewed his passengers at the time they requested the cab ride and during the ride, at which times they were in proximity to Orcutt. It was not disputed that Orcutt identified Sargent as one of the robbers shortly after Orcutt was robbed. And Orcutt testified that there was no hesitation in his mind that he had properly identified Sargent.

{¶ 18} Applying the applicable legal standard to these facts, we find no error in the trial court's decision. See *Biggers,* supra; see, also, *State v. Madison* (1980), 64 Ohio St.2d 322, 18 O.O.3d 491, 415 N.E.2d 272; *State v. Wilson* (1996), 117 Ohio App.3d 290, 690 N.E.2d 574. This assignment of error is overruled.

{¶ 19} Next, Sargent argues that his convictions were not supported by sufficient evidence. When reviewing the sufficiency of the evidence to support a criminal conviction, this court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.

{¶ 20} Upon a review of the record, we hold that a rational trier of fact could have found that the state had established all elements of the crimes at issue beyond a reasonable doubt. Sargent's fourth assignment of error is overruled.

{¶ 21} In his seventh assignment of error, Sargent contends that the trial court should have granted his pretrial motion to compel discovery and his motion for a new trial on the basis that the state had failed to produce fingerprint reports on the fingerprint lifted from the gun recovered by police. In essence, Sargent is asserting a *Brady* violation. See *Brady v. Maryland* (1963), 373 U.S.

83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (the failure to disclose evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution). Although we question the decision of the police not to issue a fingerprint report, as well as its decision not to run the recovered fingerprint through their computerized database of fingerprints, the record confirms that no such report existed. There can be no *Brady* violation without a showing that evidence was withheld. In addition, we are not convinced that the identity of the fingerprint's owner was material to Sargent's guilt. See *Strickler v. Greene* (1999), 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286; *State v. Carroll,* 1st Dist. No. 020777, 2003-Ohio-5260, 2003 WL 22267147. What was material, i.e., the fact that Sargent's print was not on the gun, was disclosed. This assignment of error is overruled.

{¶ 22} In view of our disposition of Sargent's first and second assignments of error, his remaining assignments are moot, and we decline to address them. See App.R. 12(A)(1)(c).

### Conclusion

{¶ 23} We reverse Sargent's convictions and remand this cause for further proceedings consistent with this decision and law.

Judgment reversed
and cause remanded.

PAINTER and WINKLER, JJ., concur.

RALPH WINKLER, J., retired, of the First Appellate District, sitting by assignment.