The STATE of Ohio, Appellee,

v.

BRADLEY, Appellant.

[Cite as State v. Bradley, 181 Ohio App.3d 40, 2009-Ohio-460.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90281

Decided Feb. 5, 2009.

William D. Mason, Cuyahoga County Prosecuting Attorney, and John Hanley, Assistant Prosecuting Attorney, for appellee.

Michael P. Maloney, for appellant.

---

BOYLE, M.J., Judge.

{¶ 1} Following a jury trial, defendant-appellant, Maurice Bradley, was convicted of robbery, a violation of R.C. 2911.02. Bradley appeals, raising three assignments of error. For the following reasons, we sustain Bradley's third assignment of error, in which he argues that the trial court violated his due process rights by denying his pretrial motion and failing to appoint an expert

witness. Bradley's conviction is reversed, and this case is remanded for further proceedings.

*Facts*

{¶ 2} On October 25, 2005, around 10:00 p.m., the victim was attacked and robbed outside her apartment building. While the victim was walking toward her apartment entrance, the perpetrator "grabbed [her] and almost immediately pushed [her] to the ground and started punching [her] * * * in [the] face." As soon as the perpetrator ripped her purse free from her arm, he fled. The victim initially ran after him, but he escaped. The entire encounter lasted approximately two minutes.

{¶ 3} The police responded quickly to the scene, wherein the victim provided a general physical description of the perpetrator, including his attire. The victim then attempted to identify the perpetrator by reviewing hundreds of pictures in a "mug book" but could not identify him. The police then asked the victim to review video surveillance taken from a nearby Shell gas station on the evening of the robbery. The victim identified a man in the video as the possible perpetrator; the man's attire generally matched her earlier description. In her statement to the police, the victim indicated that the "facial details were not clear enough to make a confirmation," but the man's clothes looked "like the clothes the suspect was wearing."

{¶ 4} The next day, a Shell gas station employee contacted the police and indicated that there was an alleged robbery suspect from the previous day inside the store. The police immediately arrived at the gas station and obtained the personal information of Bradley, which they used to pull a picture of him from the Bureau of Motor Vehicles. Approximately 30 days later, the victim identified Bradley as the perpetrator in a photo spread of 12 African–American men.

{¶ 5} Prior to trial, Bradley, who was indigent, moved the court to appoint an expert on eyewitness identification. Bradley argued that apart from the eyewitness identification, the state had no physical or other corroborating evidence. He contended that an expert was necessary to explain the reliability of eyewitness identification, especially in cases involving cross-racial identification.[1] Relying on Loc.R. 33, the trial court denied Bradley's motion and expressly stated that its authorization to order an expert at the state's expense was limited to aggravated-murder or murder cases.

{¶ 6} The case proceeded to a jury trial on May 7, 2007, and concluded on May 9. On May 10, after less than a day of deliberating, the jury indicated that it was

---

1. The victim is a white female and hearing-impaired. At the time of trial, she was 26 years old.

unable to reach a verdict. The court instructed the jury to continue deliberating. A day later, on Friday, the jury again expressed its inability to reach a verdict, at which time the trial court charged the jury with a supplemental instruction—namely, a *Howard* charge, as provided in *State v. Howard* (1989), 42 Ohio St.3d 18, 537 N.E.2d 188 (specific charge adopted by the Ohio Supreme Court and recognized as proper to encourage a verdict when the jury is deadlocked). Later that afternoon, the jury reached its verdict, finding Bradley guilty of robbery.

{¶ 7} The trial court sentenced Bradley to four years in prison but ordered him released on bond pending this appeal.

{¶ 8} Bradley appeals his conviction, raising the following three assignments of error:

{¶ 9} "[I.] The trial court erred in denying appellant's criminal rule 29 motion for acquittal when there was insufficient evidence to prove the elements of robbery.

{¶ 10} "[II.] The appellant's conviction for robbery is against the manifest weight of the evidence.

{¶ 11} "[III.] The trial court erred in denying appellant's request for an expert witness on eyewitness identification."

{¶ 12} For the ease of discussion, we will address these assignments of error out of order.

### Right to Expert Assistance

{¶ 13} In his third assignment of error, Bradley argues that he was denied due process because the trial court denied his motion for the appointment of an eyewitness-identification expert. We agree.

{¶ 14} The Ohio Supreme Court has repeatedly recognized that "due process and fundamental fairness require the state to provide an indigent criminal defendant with 'access to the raw materials integral to the building of an effective defense.'" *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 21, quoting *Ake v. Oklahoma* (1985), 470 U.S. 68, 77, 105 S.Ct. 1087, 84 L.Ed.2d 53; see also *State v. Mason* (1998), 82 Ohio St.3d 144, 149, 694 N.E.2d 932. Specifically, the Ohio Supreme Court has recognized that "due process * * * requires that an indigent criminal defendant be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his defense, and (2) that denial of the requested expert assistance would result in an unfair trial." *Mason* at 150, 694 N.E.2d 932.

{¶ 15} We find the instant case analogous to the First Appellate District's decision in *State v. Sargent*, 169 Ohio App.3d 679, 2006-Ohio-6823, 864 N.E.2d 155, in which the court held that the trial court had abused its discretion in denying the defendant's motion for the appointment of an eyewitness-identification expert. In *Sargent*, as in the instant case, the state's case was based primarily on one person's eyewitness identification, and that person was under the stress of having been accosted. Id. at ¶ 13. Recognizing that the specific facts of the underlying case directly implicated the reliability of the eyewitness-identification and that the state had no other corroborating evidence tying Sargent to the crime, the First District held that Sargent made the necessary showing entitling him to the appointment of an expert. Id.

{¶ 16} Bradley has made the same showing in this case. Here, the state's case was based primarily on the victim's identification of Bradley as the robber. The state's case hinged on the identification testimony of one person, who was attacked and traumatized by the incident.[2] The victim had never seen the perpetrator prior to the incident and did not identify him until 30 days after the incident. The case also involved a cross-racial identification. Under these circumstances, eyewitness identification may be untrustworthy. See *United States v. Smithers* (C.A.6, 2000), 212 F.3d 306, 311–313 (discussing multiple cases and studies); see also *United States v. Smith* (C.A.6, 1984), 736 F.2d 1103, 1105–1106 (recognizing the importance of expert testimony on eyewitness perception and memory when the defendant is unknown and certain factors exist, i.e., stressful event, cross-racial identification, or multiple line-ups in the identification process).[3] Notably, the state's case contained no physical evidence or any other inculpatory evidence tying Bradley to the crime. Accordingly, given that the accuracy of the victim's identification is the pivotal issue in the case and that the state had no other evidence tying Bradley to the crime, we conclude that the trial court abused its discretion in denying Bradley's motion for the appointment of an eyewitness-identification expert.

{¶ 17} To the extent that the trial court believed that Cuyahoga County Common Pleas Loc.R. 33 prevented the appointment of an expert in a robbery case, the rule does not preclude such appointment in criminal actions. See Loc.R. 33(G). The rule does limit, however, the appointment of an investigator to aggravated murder or murder cases. See Loc.R. 33(E) ("Investigators shall not

---

2. The victim acknowledged at trial that she had to seek counseling as a result of the traumatic incident.

3. Compare *United States v. Bunke* (N.D.Ohio 2008), Case No. 3:08CR65 (eyewitness-identification expert not needed in cases where the person identifying the defendant knows the defendant or where the identification seems strongly established for other reasons, such as physical evidence connecting the defendant to the crime).

be employed by defense counsel except by leave of Court, and then only in cases where the defendant is charged with aggravated murder or murder"). As for the appointment of experts, the rule spells out certain criteria relating to the expert's qualifications and anticipated expenses, but does not outright exclude experts in nonmurder cases.[4] Instead, trial courts must consider an indigent defendant's due process rights in making a determination to allow the appointment of an expert. See *Sargent*, 169 Ohio App.3d 679, 864 N.E.2d 155 (nonmurder case where defendant's due process required the appointment of an eyewitness-identification expert); see also *Mason*, 82 Ohio St.3d at 150, 694 N.E.2d 932.

{¶ 18} We further hold that the trial court's belief that Loc.R. 33 precluded the appointment of an expert in a robbery case was not harmless error. Here, the accuracy of the victim's identification of the robber was determinative to the outcome of the case. Had the jury been aware of factors that may have affected the reliability of the identification in the instant case, the outcome may have been different, especially given that the jury was deadlocked on two separate occasions during deliberations.

{¶ 19} Accordingly, because Bradley made the required showing entitling him to the appointment of an eyewitness-identification expert, we sustain his third assignment of error.

{¶ 20} Although our disposition of the third assignment of error renders moot Bradley's second assignment of error regarding the manifest weight of the evidence, we must still address his first assignment of error relating to the sufficiency of the evidence because a reversal on sufficiency grounds would bar retrial. See *State v. Buchanan*, 8th Dist. No. 80098, 2003-Ohio-6851, 2003 WL 22966226, ¶ 23; see also *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652.

### Sufficiency of the Evidence

{¶ 21} In his first assignment of error, Bradley contends that there was insufficient evidence to convict him of robbery. We disagree.

{¶ 22} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would

---

4. Although Bradley's motion did not specify the name of an expert and the anticipated cost, the trial court denied the motion because it believed that Loc.R. 33 prohibited the appointment of an expert in a robbery case. Thus, given that Bradley made the initial showing that due process required the appointment of an expert, the trial court should have allowed him to supplement the motion with the specific criteria spelled out in Loc.R. 33(G)(1) through (5).

support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 23} Applying the foregoing standard, we hold that the state presented sufficient evidence to support the robbery conviction. The victim testified that Bradley pushed her down on the ground, punched her, and ran off with her purse. This testimony alone satisfies the elements for a robbery conviction under R.C. 2911.02(A)(2). Although Bradley contends that the victim's testimony was not credible, this argument relates to the manifest weight of the evidence and not a sufficiency challenge. See *Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541.

{¶ 24} Accordingly, we overrule Bradley's first assignment of error.

{¶ 25} In sum, we reverse Bradley's conviction and remand this case for further proceedings consistent with this decision and law.

Judgment affirmed in part<br>
and reversed in part,<br>
and cause remanded.

SWEENEY, J., concurs.

DYKE, P.J., dissents.

ANN DYKE, Presiding Judge, dissenting.

{¶ 26} I respectfully dissent. I would conclude that the trial court did not abuse its discretion in denying the appointment of an expert on eyewitness identification. Those cases that have found exclusion of such testimony to constitute an abuse of discretion differ from the one at bar in that in those cases, the only evidence connecting the defendant to the crime was the identification testimony. *State v. Buell* (1986), 22 Ohio St.3d 124, 22 OBR 203, 489 N.E.2d 795. In this matter, defendant had been linked to the Shell gas station, and the victim established that the clothing of the man in the Shell video looked like the clothes that the assailant wore. Moreover, the court instructed the jury on the factors they were to consider in assessing eyewitness testimony, and I believe that "ordinary jurors have the capacity to assess the circumstances surrounding an eyewitness identification in order to ascertain its accuracy." *State v. Scott* (1987), 41 Ohio App.3d 313, 315, 535 N.E.2d 379.